**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGELA KOERNER,**<br><br>      Plaintiff,<br><br>v.<br><br>**COHERENT, INC.,** *et al.,*<br><br>      Defendants. | Civil Action No. 19-21382-SDW-ESK<br><br>**OPINION AND ORDER** |

**KIEL, United States Magistrate Judge**

    This matter comes before the Court on plaintiff's Motion to Remand Action to State Court (the "Motion"). (ECF Nos. 12 and 18.) Defendants oppose the Motion. (ECF No. 16.) This Court has considered plaintiff's submissions and defendants' opposition and decides this matter on the papers and without argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Motion is **GRANTED** and this case is remanded to state court.

**BACKGROUND**

    **I.**    **THE COMPLAINT**

    Plaintiff filed the complaint in the Superior Court of New Jersey, Law Division, Essex County, on September 27, 2019. (ECF No. 1, Ex. A ("Compl.").) Plaintiff is a former employee of defendant, Coherent, Inc. ("Coherent"). (Compl., ¶ 8.) Plaintiff alleges that defendants retaliated and discriminated against her contrary to New Jersey law. The conduct relates to her verbal complaints concerning poor air quality in Coherent's East Hanover, New Jersey facility (the "Facility"). (*Id.*, *passim*.)

Plaintiff filed a workers' compensation claim against Coherent alleging that the air quality in the Facility caused her "physical pain and suffering." (Compl., ¶ 74.) Plaintiff also lodged a complaint with the United States Occupational Safety and Health Administration ("OSHA") concerning the air quality at the Facility. (*Id.*, ¶ 36.) She claims she was, first, denied a promotion and salary increase, and, later, terminated as a direct result of her ongoing complaints and pending workers' compensation claim. (ECF No. 12-1 ("Pl. Br.") at 6–7.) Plaintiff further alleges she was discriminated against because of her disability, taking the form of various ailments caused by the poor air quality in her work area. (*Id.*)

The complaint asserts a violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA"), disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), and other state-law claims. The defendants are:

| | |
|---|---|
| Coherent: | Plaintiff's employer |
| Dominic Loiacono: | Coherent's Vice President and General Manager of Coherent's East Hanover, New Jersey Facility |
| Barbara Hughes: | Employed in Human Resources Department |
| Donna Hahn: | Employed in Human Resources Department |
| Dale Roberts: | Coherent's Director of Operations |
| Lawrence Datel: | Plaintiff's Supervisor |

(Compl., ¶¶ 2–7.)

The First Count of the Complaint alleges that defendants Dominic Loiacono, Barbara Hughes, Donna Hahn, Dale Roberts, and Lawrence Datel (collectively, the

"Individual Defendants") each individually qualify as an "employer" and/or "supervisor" under NJCEPA. (Compl., ¶¶ 68, 69.) Plaintiff further claims that each of the Individual Defendants took retaliatory actions against her for making a claim with OSHA regarding the air quality issues at the Facility. (*Id.*, ¶¶ 71–73.) In the Second Count, plaintiff asserts a *Pierce* claim against all defendants.[1] Plaintiff alleges that defendants' retaliatory actions were in contravention to New Jersey's public policy ensuring healthy air quality for employees. (Compl., ¶ 78.) In the Third Count, plaintiff asserts a claim under N.J.S.A. 34:15-39.1, which prohibits retaliatory actions against an employee for making a workers' compensation claim. (*Id.*, ¶¶ 80–84.) The Fourth Count asserts a claim under the NJLAD as to Coherent individually. (*Id.*, ¶¶ 85–90.) And the Fifth Count alleges that the Individual Defendants "aided, abetted, incited, compelled, and/or coerced" the alleged discriminatory and retaliatory conduct against plaintiff. (*Id.*, ¶ 92.)

## II. REMOVAL

On December 13, 2019, defendants filed a Notice of Removal pursuant to 28 U.S.C. §1446(b). (ECF No. 1.) In their Notice of Removal, defendants state that removal was proper because this Court has original jurisdiction under 28 U.S.C. § 1332(a). This statute provides that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States ..." (*Id.*)

---

[1] In *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58 (1980), the New Jersey Supreme Court established that a tort claim based on the termination of an employee because of the employee's refusal to perform an act that is contrary to a clear mandate of public policy is actionable. *Id.* at 72.

Plaintiff is a citizen of New Jersey.  (Compl., ¶ 1.)  Coherent is a Delaware corporation with its principal place of business in California.  (*Id.*, ¶ 2.)  Thus, there is complete diversity between plaintiff and Coherent.

However, the Individual Defendants are citizens of New Jersey.  (*Id.*, ¶¶ 3–7.)  Normally, common citizenship between plaintiff and any defendant destroys the complete diversity required for this Court to exercise jurisdiction.  *See* 28 U.S.C. § 1332(a).  However, defendants assert diversity jurisdiction is properly exercised because plaintiff has fraudulently joined the Individual Defendants to avoid diversity jurisdiction. (ECF No. 16 ("Def. Br."). at pp. 2–4.)

### III.  THE CURRENT MOTION

Plaintiff seeks remand, arguing that she did not fraudulently join the Individual Defendants and that she has viable claims against them.  Plaintiff also seeks the award of legal fees and costs associated with the Motion for what she believes to be a baseless removal by defendants.

In response, defendants assert a panoply of legal arguments for why the Individual Defendants should be considered to have been fraudulently joined, including: (1) the lack of factual allegations to support claims against the Individual Defendants; (2) the statute of limitations has expired; (3) *Pierce* claims cannot be asserted against the Individual Defendants; and (4) three of the Individual Defendants were not plaintiff's "supervisors."

## **LEGAL ANALYSIS AND DISCUSSION**

### I. THE FRAUDULENT JOINDER DOCTRINE

Under 28 U.S.C. § 1441(a), a defendant has the right to remove a civil case from state court if the matter could have been brought originally in federal court. Removal predicated on diversity of citizenship requires satisfaction of the amount in controversy requirement and complete diversity. For complete diversity, every plaintiff must be of diverse state citizenship from every defendant. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).

The fraudulent joinder doctrine is an exception to the requirement of complete diversity. *Id.* at 215–16. Under this doctrine, a diverse defendant may remove a case where complete diversity is not present if the defendant can establish that the non-diverse defendants were fraudulently joined solely to defeat diversity jurisdiction. *Id.* Joinder is "fraudulent" where:

> there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.

*Id.* (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). If the Court determines that non-diverse defendants were "fraudulently" joined, the Court can disregard, for jurisdictional purposes, the non-diverse defendants. The Court can then dismiss the non-diverse defendants and retain jurisdiction over the case. *Id.*

The Court in *In re Briscoe* set forth the analysis to be performed when fraudulent joinder is claimed:

> A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a heavy burden of persuasion in making this showing. It is logical that it should have this burden, for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.
>
> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court....
>
> In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint. It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.

*Id.* at 217 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992)).

In *Batoff*, the Third Circuit disapproved of the District Court's attempt to perform an analysis of the merits of the plaintiff's claim to resolve a fraudulent joinder issue. It held that the District Court "erred in converting its jurisdictional inquiry into a motion to dismiss." 977 F.2d at 852. Indeed, fraudulent joinder should be found only where the

6

claims against the non-diverse defendant are "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218.

The Court in *In re Briscoe* also summarized the holdings in *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990) and the *Abels* case, which are two additional, seminal Third Circuit decisions concerning the fraudulent joinder doctrine. In *Boyer*, the Third Circuit similarly admonished the District Court for delving into the merits of the dispute when determining whether the plaintiff had fraudulently joined a non-diverse defendant.

> The district court, "in the guise of deciding whether the joinder was fraudulent, stepped from the threshold jurisdictional issue into a decision on the merits," and because the dispositive defense based on release was raised by all three defendants, it was impermissible for the district court to reach the merits of that defense in deciding the fraudulent joinder question.

*In re Briscoe*, 448 F.3d at 218 (citing *Boyer*, 913 F.2d at 112).[2] The removing party, thus, bears a "heavy burden of persuasion" to show that a non-diverse party was fraudulently joined. *Batoff*, 977 F.2d at 851.

The result was no different in *Abels*. The District Court denied a request to remand where the non-diverse defendants were "John Doe" parties. The mere existence of non-diverse "John Doe" defendants does not represent an attempt to defeat diversity. *Abels*, 770 F.2d at 29. In furthering the analysis, the Third Circuit directed the district courts to

---

[2] In *Boyer*, the plaintiff sued a company and two of its employees. The defendants argued that the joinder of the employees was fraudulent because a release in a termination agreement between the parties would result in the claims being dismissed. The Third Circuit held that the District Court improperly relied on its view as to the merits of colorable claims or defenses arising out of the release. The determination of the validity of the release should have been left to the state court. *Id.* at 113.

7

"look beyond" the allegations to determine if the plaintiff's conduct was consistent with an actual intention to proceed against at least some John Doe defendants. *Id.* at 32.

In applying these principles, the Court in *In re Briscoe* affirmed the District Court's determination finding fraudulent joinder where the District Court concluded, as a matter of law, that the claims against the non-diverse defendants would be time-barred under the applicable statute of limitations. *In re Briscoe*, 448 F.3d at 219. The Third Circuit reasoned that a "limited look outside the pleadings" did not cross the "line between a proper threshold jurisdictional injury and an improper decision on the merits" because a statute of limitations defense is not a "merits-based defense." *Id.* at 220.

The Court finds the decisions from this district that are cited by plaintiff to be persuasive. In *Berckman v. United Parcel Service*, No. 07-05245, 2007 WL 4080372 (D.N.J. Nov. 14, 2007), the plaintiff sued his former employer and another employee who plaintiff claimed aided and abetted the discriminatory actions of the employer. The other employee was a non-diverse defendant. In granting the plaintiff's motion to remand, the Court determined that the complaint "satisfie[d] the notice pleading requirements" and properly alleged that the other employee in fact aided and abetted the discriminatory conduct. *Id.* at *3. Consistent with Third Circuit precedent, the Court determined that the complaint, on its face, "clearly alleges aider-and-abettor liability under the NJLAD against him as an individual." *Id.* Importantly, the Court noted that if defendants were successful in dismissing the individual defendant from the case before the state court, the case would, for the first time, be properly removable. *Id.*

In *Mersmann v. Continental Airlines*, 335 F.Supp.2d 544 (D.N.J. 2004), an employee of the defendant airline asserted claims for violations of the NJLAD. When the airline moved to dismiss the complaint, the plaintiff amended the complaint to add two new non-diverse parties. The plaintiff alleged that these new parties aided-and-abetted the discriminatory conduct. *Id.* at 545. With the inclusion of the new non-diverse defendants, the plaintiff moved to remand to the state court.

In a Report and Recommendation, the magistrate judge denied the motion to remand, finding that the joinder of the new non-diverse parties was "dilatory and an effort . . . to destroy" diversity jurisdiction. *Id.* at 556. The district judge did not adopt the Report and Recommendation despite the plaintiff's failure to explain the delay. Rather, the district judge applied the applicable Third Circuit test: Is there a "colorable ground" for asserting claims against the non-diverse individual defendants? There was, because the NJLAD recognizes a cause of action against individuals who "aid and abet" violations of the law. *Id.* at 557, citing N.J.S.A. 10:5-12(c). The Court concluded that "[a]t this early stage of the litigation, and in light of the heavy burden upon the removing party to show" fraudulent joinder, the Court determined it did not have diversity jurisdiction. *Id.*

## II.     PLAINTIFF'S REQUEST FOR REMAND

There is no fraudulent joinder in this case. Plaintiff claims each Individual Defendant was an "employer" under NJCEPA and took "retaliatory actions" against her, including mistreating her during her employment and eventually terminating her. (Compl. ¶¶ 68, 70–73.) The complaint further alleges that the Individual Defendants violated the NJLAD by "aiding and abetting" the discriminatory and retaliatory acts by failing to

9

provide her with a reasonable accommodation and failing to engage in the interactive process, and finally terminating her employment. (*Id.*, ¶¶ 92–93.)

Although the complaint may be "bare bones,"[3] it cannot be stated that the complaint is "wholly insubstantial and frivolous" or that there is "no possibility that a state court would find that the plaintiff pleaded a valid cause of action against a defendant who was not diverse." *Glastein v. CareFirst Blue Cross Blue Shield*, No. 18-09664, 2019 WL 1397488, at *4 (D.N.J. Mar. 28, 2019). Indeed, this Court "must assume as true all factual allegations of the complaint [and] must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217.

This Court will heed the Third Circuit's warning to avoid wading into the thicket of a merits-analysis. The NJLAD recognizes claims against individuals who "aid and abet" a violation of the law. *Mersmann*, 335 F.Supp.2d at 557. There are sufficient factual allegations in the complaint to conclude that there is a *possibility* that the New Jersey state court would find viable "aider-and-abettor" claims against at least one Individual Defendant. Without making substantive, merit-based decisions, the Court finds that the Complaint alleges that plaintiff made numerous complaints about the air quality at the Facility to Hahn, Datel, Hughes, and others. (Compl.*,* ¶¶ 11, 39, 40–43, 54, 55.) Plaintiff, moreover, cites to specific incidents where she believes Coherent and its representatives

---

[3] The parties make much ado about whether New Jersey state courts require "notice pleadings" or "fact pleadings." For the analysis under the fraudulent joinder doctrine, this inquiry is irrelevant. The appropriate test was set forth in detail in *In re Briscoe*, and followed in numerous decisions by this Court.

10

manipulated the testing results by conducting tests early in the morning when no one was working and turning off the air conditioning during OSHA's test of the air quality at the Facility. (*Id.*, ¶¶ 18, 19, 24.) Plaintiff was also directed by Hughes to "remove herself from the issues related to the air quality" at the Facility. (*Id.*, ¶ 61.)

Plaintiff also makes specific allegations connecting her complaints to her discharge — that she was "viewed [] a troublemaker" concerning the air quality issue at the Facility. (*Id.*, ¶ 63.) Plaintiff claims that Hahn was in front of her when Vartan Ter-Mikirtychev, another Coherent employee, asked plaintiff for the location of the air quality tests. Plaintiff directed him to Hahn, who allegedly maintained all the air quality test results in her position as the Safety Officer and representative of the Human Resources Department. (*Id.*) Immediately after hearing the conversation between Ter-Mikirtychev, plaintiff saw Hahn meeting with Hughes behind closed doors. Plaintiff was terminated soon thereafter. (*Id.*, ¶¶ 63–65.)

Plaintiff clears the low hurdle of the "possibility" that the state court will find that the complaint asserts a viable claim against one of the Individual Defendants for violation of NJCEPA, NJLAD, and aider-and-abettor liability. Defendants' arguments are more appropriate for a motion to dismiss. They are largely focused on the sufficiency of the pleadings against the Individual Defendants, rather than whether there is even a possibility that a state court would find a colorable claim.

Additionally, the Court need not find that each claim in the complaint against the Individual Defendants is "colorable" or "not frivolous." Rather, if *one* claim against *one* Individual Defendant is "colorable" or "not frivolous," then this Court lacks jurisdiction

11

and this matter must be remanded. Here, the fraudulent joinder analysis can cease upon a finding that any one Individual Defendant was an "employer" under NJCEPA and that plaintiff has made a colorable and non-frivolous claim against that one Individual Defendant. Plaintiff has met this burden.

The Court is mindful of the directive in *In re Briscoe* to take a "limited look outside the pleadings" to determine if an applicable statute of limitations entirely bars the claims against the non-diverse defendants. *Id.* at 219. However, the inquiry into the effect of the application of a statute of limitations, if any, should not become a backdoor opening for defendants to seek a merits-based analysis of the facts. That would contravene the directive by the Third Circuit to conduct a very limited review.

Defendants claim that this Court should conclude, as a matter of law, that plaintiff's claims are time-barred. (Def. Br. at pp. 2–7.) According to the Complaint, plaintiff was assigned to the Clean Room in August 2017. (Compl., ¶ 34.) She was denied a promotion and pay raise sometime after July 2017. (*Id.*, ¶ 32.) Plaintiff was terminated on June 4, 2019. (*Id.*, ¶ 65.) Certainly, her claims arising from her termination are within the statute of limitations since the complaint was filed on September 27, 2019.[4] (ECF No. 1.)

Defendants' argument ignores the claims resulting from plaintiff's termination and, instead, is focused on the "continuing violation doctrine." They argue that the denial of a

---

[4] An NJLAD claim has a two-year statute of limitations. *See Shepherd v. Hunterdon Developmental Ctr.,* 174 N.J. 1, 6 (2002.) An NJCEPA claim has a one-year statute of limitations. *See Robles v. U.S. Envtl. Universal Servs., Inc.*, 469 F. App'x 104, 107 (3d Cir. 2012).

12

promotion or raise, the transfer to the Clean Room, and her ultimate termination cannot be aggregated into a "continuing violation." Rather, the statute of limitations must be applied separately to each alleged, discrete discriminatory and retaliatory act. Because, at a minimum, the last violation (termination) occurred within the applicable statute of limitations, plaintiff's claims are not time-barred.

This Court need not address or resolve the "continuing violation doctrine" arguments. The Court agrees with plaintiff that this determination is better left for a future motion to dismiss or summary judgment before the state court to determine if any of the remaining violations are time-barred.[5]

### III. PLAINTIFF'S REQUEST FOR AN AWARD OF COSTS AND EXPENSES

Plaintiff also seeks an award of costs she incurred in opposing removal. *See* 28 U.S.C. § 1447(c). The Court has broad discretion over whether to require the payment of costs and expenses. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). Despite concluding that remand is appropriate, this Court finds that there was an objectively reasonable basis for the removal. Thus, the request for an award of costs is denied.

---

[5] Where applicable, the Court is also to examine whether there is an indication that plaintiff has no real intention in good faith to prosecute the action against the non-diverse defendant or to seek a joint judgment. *See Abels*, 770 F.2d at 32. Since defendants do not argue this as a basis to deny remand, the Court will not address this factor.

## **CONCLUSION AND ORDER**

For the foregoing reasons:

**IT IS** on this 31st day of March 2020 **ORDERED** that:

1.	The Motion **(ECF No. 12)** is **GRANTED TO THE EXTENT** it seeks remand and **DENIED TO THE EXTENT** it seeks an award of costs and expenses.

2.	The Clerk of the Court is directed to: remand this matter to the Superior Court of New Jersey, Essex County; terminate the Motion at ECF No. 12; and close this matter.

*/s/ Edward S. Kiel*
**Edward S. Kiel**
**United States Magistrate Judge**